United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT D. TODD,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN MATEO COUNTY, ET AL.,<br><br>    Defendants. | No. C 15-05823 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

Now before the Court are the following pending motions: (1) Plaintiff Herbert Todd's motion to remand the entire action or, in the alternative to sever claims and remand; (2) Defendant David Triolo's motion to dismiss the complaint; (3) Defendant San Mateo County Transit District ("SamTrans")'s motion for judgment on the pleadings; and (4) Defendant Greg Moyer and Peter Le Baron's motion for judgment on the pleadings. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby (1) DENIES Plaintiff's motion to remand; (2) GRANTS Triolo's motion to dismiss; (3) GRANTS SamTrans' motion for judgment on the pleadings; and (4) GRANTS Moyer and Le Baron's motion for judgment on the pleadings. The dismissal is with leave to amend, except where otherwise noted

## BACKGROUND

Plaintiff alleges that he was employed by SamTrans for "approximately 26 years until he was terminated in 2011." (Complaint at ¶ 1.) Plaintiff was a union employee and his employment terms and conditions were governed by a Labor Agreement dated 2011-2014 between SamTrans and the Amalgamated Transit Union, Local 1574. (*Id.* at ¶ 19.)

According to Plaintiff's allegations, in 2010, when the District was informed that there were monies missing from the machines and reported the discovery to the Sheriff's Office, that office commenced an investigation. The investigation included a "sting" operation in which, on December 22 and 23 of 2010, marked bills were placed in the bill vault of a damaged machine in an effort to track the missing money, and the machine were monitored by video surveillance. (*Id.* at ¶¶ 15-16.) On December 23, 2010, Plaintiff was allegedly held against his will for approximately two hours, without an attorney or union representative, while defendants Moyer and Le Baron interrogated another employee. (*Id.* at ¶ 17.) On December 29, 2010, Plaintiff alleges he was interrogated by SamTrans and the SamTrans Police but was not advised of his Miranda rights nor given an opportunity to have counsel or a union representative while the interrogation proceeded. (*Id.* at ¶ 19.) On January 11, 2011, SamTrans suspended Plaintiff without pay. (*Id.* at ¶ 20.) On May 26, 2011, Plaintiff alleges that he was arrested and detained unlawfully by the Sheriff based on allegations made by SamTrans and the SamTrans Police. (*Id.* at ¶ 21.) The San Mateo County District Attorney brought twelve counts against him based on grand theft by embezzlement, false impersonation, and attempted embezzlement. (*Id.*) Plaintiff was charged, along with another co-worker, with taking monies from the Caltrain Ticketing Vending Machines which he had serviced during his employment with SamTrans. Plaintiff was terminated from his employment on October 3, 2011 and went to trial on September 19, 2014 where he was acquitted on five charges and a mistrial was declared on the remaining charges. (*Id.* at ¶¶ 24, 29.) The District Attorney elected not to retry Plaintiff on the remaining counts. (*Id.* at ¶ 31.) On October 3, 2011, Plaintiff alleged he was terminated by SamTrans for, among other things, theft and asserting his Fifth Amendment rights during his interrogation. (*Id.* at ¶ 24.)

On October 9, 2015, Plaintiff filed suit in the Superior Court for the County of San Francisco against his employer, his supervisors Greg Moyer, Peter Le Baron, and David Triolo, as well as the San Mateo County Sheriff and its detectives, for conspiring against him and fabricating evidence that lead to his criminal proceedings. Plaintiff alleges twelve causes of action for: (1) false imprisonment under color of law against defendants San Mateo County Sheriff's Department, County of San Mateo, San Mateo County Transit Police, Detective Victor Lopez, Lt. Victoria

2

1  O'Brien, and David Triolo; (2) false imprisonment against defendants SamTrans, Greg Moyer, and
2  Peter LeBaron; (3) race discrimination and retaliation under 42 U.S.C. Section 2000e-5 against
3  defendants SamTrans, Greg Moyer, and Peter Le Baron; (4) deprivation of civil rights under the
4  Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. Section
5  1983 against defendants SamTrans, Greg Moyer, and Peter Le Baron; (5) deprivation of civil rights
6  under the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C.
7  Section 1983 against defendants County of San Mateo, San Mateo County Transit Police, Detective
8  Victor Lopez, Lt. Victoria O'Brien, and David Triolo; (6) police battery against defendants Victor
9  Lopez, Lt. Victoria O'Brien, and David Triolo; (7) race discrimination and retaliation pursuant to
10 California Government Code Section 12965, Fair Employment and Housing Act, against defendants
11 SamTrans, Greg Moyer, and Peter Le Baron; (8) intentional misrepresentation against defendants
12 Greg Moyer, Peter Le Baron, Victor Lopez, Lt. Victoria O'Brien, and David Triolo; (9) fraudulent
13 concealment against defendants Greg Moyer, Peter Le Baron, Victor Lopez, Lt. Victoria O'Brien,
14 and David Triolo; (10) breach of the implied covenant of good faith and fair dealing against all
15 defendants; (11) civil conspiracy against all defendants; and (12) intentional infliction of emotional
16 distress against all defendants.

Defendants David Triolo, SamTrans, and Greg Moyer and Peter Le Baron each move for judgment on the causes of action against them. Plaintiff moves to remand this action to state court.

The Court shall address additional relevant facts in the remainder of this order.

## ANALYSIS

### A. Legal Standard Governing Motion to Remand.

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Federal courts are courts of limited jurisdiction, therefore "the presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If at any time doubts arise with regard to the right of removal, the district court must resolve in favor of remanding the case. *Gaus*, 980 F.2d at 566. In order to determine whether the removing party

3

has met its burden, a court may consider the contents of the removal petition and "summary-judgment- type evidence." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

The district court has subject matter jurisdiction in civil proceedings based on diversity or a federal question. 28 U.S.C. § 1331. Remand may be ordered to the appropriate jurisdiction, at any time before final judgment for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g.*, *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

## B.   Plaintiff's Motion to Remand.

On October 9, 2015, Plaintiff filed this action in the Superior Court for the County of San Francisco, alleging twelve causes of action. In his third cause of action, Plaintiff alleges that Defendants discriminated against him due to his race in violation of the Civil Rights Act, 42 U.S.C. Section 2000e. In his fourth and fifth causes of action Plaintiff alleges that Defendants violated his civil rights under 42 U.S.C. Section 1983. On December 24, 2015, Defendants timely removed the action to this Court pursuant to 28 U.S.C. Section 1331, which provides that the district courts shall have original jurisdiction over all civil actions arising under the Constitution or laws of the United States.

Plaintiff now moves to remand this action to the Superior Court on the basis that only two of twelve causes of action bestow federal jurisdiction. Plaintiff seeks to have the state law causes of action severed and tried in state court and have this Court adjudicate afterward merely whether any federal liability rests based on the rulings of the state court.

Federal district courts have original jurisdiction over any causes of action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The federal courts also have supplemental jurisdiction over state law claims that are "so related" to the federal claims that "they form part of the same case or controversy" under Article III. 28 U.S.C. § 1367(c). Remand is improper here where three causes of action clearly invoke federal statutes and the Constitution of the United States. The remaining state laws claims share the same nucleus of operative fact with the

4

federal claims. All the claims arise from Defendants' alleged wrongful treatment of Plaintiff during and following two sting operations and investigations. As the Court has original jurisdiction over the federal claims and supplemental jurisdiction over the state law claims, remand is improper as a matter of law. *See, e.g.,* 28 U.S.C. § 1441(c)(2). Accordingly, Plaintiff's motion to remand to state court is HEREBY DENIED.

**C.     Legal Standard Governing Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by*

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court may review matters that are in the public record, including pleadings, orders and other papers filed in court. *See id.*

**D.     Defendant Triolo's Motion to Dismiss.**[1]

Plaintiff alleges eight causes of action against Defendant David Triolo, whom he mistakenly alleges to be an employee of the San Mateo County Transit Police. (*See* Complaint at ¶ 9.) According to judicially noticeable documents, Triolo is a SamTrans employee and serves as director of the Department of Safety & Risk Management. (*See* Triolo Request for Judicial Notice ("RJN") at ¶ 3, Ex. A).[2] Defendant SamTrans is a local public transit district, organized under the laws of the State of California. *See* Cal. Public Utilities Code §§ 103000, 103001. SamTrans serves as the administrative body governing the principal public transit and transportation programs in San Mateo County. (*See* RJN at ¶ 1.) The San Mateo County Sheriff's Transit Police Bureau provides law enforcement and investigative services to SamTrans for its bus system and along the Caltrain commuter railroad line operating between San Francisco and Gilroy. (*See id.* at ¶ 2.) Caltrain has contracted with the District to serve as its managing agency, under the direction of their boards of directors. As part of that service, the District is responsible for maintaining and performing minor service on the Caltrain Ticketing Vending Machines throughout Caltrain's service area. (*Id.* at ¶ 1.) Plaintiff brings claims against Triolo as his supervisor during the investigation and interrogation events leading to his termination and eventual prosecution.

Plaintiff brings eight causes of action against defendant Triolo for (1) first cause of action for false imprisonment; (2) fifth cause of action for deprivation of civil rights under the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. Section 1983; (3)

---

[1]  As a preliminary matter, the Court finds Triolo's motion to be timely and rejects Plaintiff's contention that it should be denied for untimeliness. *See* Fed. R. Civ. P. 4(e)(1) (service shall be made under state law); Cal. Civ. P. Code § 415.20 (substituted service is deemed complete on the tenth day after mailing).

[2]  Defendants' and Plaintiff's requests for judicial notice are GRANTED as the documents are public records which are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Plaintiff's objections to Defendants' multiple requests for judicial notice are unfounded and are overruled.

1  sixth cause of action for police battery;[3] (4) eighth cause of action for intentional misrepresentation;
2  (5) ninth cause of action for fraudulent concealment; (6) tenth cause of action for violation of the
3  implied covenant of good faith and fair dealing; (7) eleventh cause of action for conspiracy; and (8)
4  twelfth cause of action for intentional infliction of emotional distress.  Triolo moves to dismiss each
5  cause of action and the Court shall address them in order.

**1.    Dismissal of Causes of Action for Late-Filed Tort Claim.**

Triolo moves to dismiss the first, sixth, eighth, ninth, tenth, eleventh and twelfth causes of action for failure to bring a timely Tort Claim.  The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1776 (1995).  "Every theory of recovery against the public entity must be reflected in a timely claim," and "the factual circumstances set forth in the claim must correspond with the facts alleged in the complaint." *Id*. (citations omitted). Pursuant to California Government Code Section 911.2, a claim relating to a cause of action for injury or contract must be properly presented to the pertinent public agency not later than six months or one year respectively from the time the cause of action accrues.  "The primary function of the Tort Claims Act is to apprise the governmental body of imminent legal action so that it may investigate and evaluate the claim and where appropriate avoid litigation by settling meritorious claims." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974).  "Compliance with the claims statute is mandatory and failure to file a claim is fatal to a cause of action." *Id.*

Here, Plaintiff did not file a timely Tort Claim.  In his complaint, Plaintiff alleges claims resulting from conduct that allegedly occurred in December 2010. (Complaint at ¶ 19.)  Any cause of action for false imprisonment, fraud, intentional infliction of emotional distress, and civil conspiracy would have had to have been filed by no later than six months following the predicate events, or at the latest six months after Plaintiff's arrest on May 16, 2011, allegedly based on false evidence. (*See id.* at ¶ 21.)  Any cause of action based on contract, or breach of the covenant of good faith, had to have been brought within one year.  Plaintiff filed his government claim on or

---

[3]   Plaintiff does not contest the dismissal of his sixth cause of action for police battery against defendant Triolo.  Accordingly, the sixth cause of action against Triolo is DISMISSED without leave to amend.

7

about March 2, 2015, considerably after the events transpired giving rise to his current causes of action. The claims were rejected by the respective agencies. (*See id.* at ¶ 37.) SamTrans took action on the claim and denied it as insufficient and partially untimely. (*See* Declaration of Herbert D. Todd, Ex. 1.)

Plaintiff contends that his government claim was timely because the causes of action presented did not accrue until his criminal trial concluded on October 21, 2014. Plaintiff argues that Defendants engaged in a continuous course of conduct and that therefore his 2015 government claim was timely based on conduct ranging from December 2010 through October 2014. However, the law is clear that a statute of limitations period begins to run when the actual tort occurs. *See, e.g., Collins v. Los Angeles County*, 241 Cal. App. 2d 451, 455 (1966) ("A cause of action accrues at the moment the party who owns it is entitled to bring and prosecute an action thereon.") For instance, in *Collins*, the court held that for a cause of action for false arrest and false imprisonment, the statute of limitations begins to run at the time plaintiff was released from his alleged illegal restraint, not at the time the criminal proceedings against plaintiff were terminated. *See id.* "The authorities are practically unanimous to the effect that, in an action solely for false imprisonment, the termination of the criminal proceedings is immaterial." *Id.* (citing *Knickerbocker Steamboat Co. v. Cusack*, 172 F. 358, 359 (2d Cir. 1905)); *see also McMartin v. County of Los Angeles*, 202 Cal. App. 3d 848, 859 (1988) (holding that the defense against criminal charges does not put the public entity on notice of the claims). A tort accrues at the time of injury and will not accrue on a continuous and ongoing basis unless there is a continuing violation or ongoing recurring obligation to the plaintiff. *See DC Comics v. Pacific Pictures Corp.*, 938 F. Supp. 2d. 941, 949 (C.D. Cal. 2013). Plaintiff also contends that Defendants made an agreement to stay arbitration of his claims pending the criminal prosecution, somehow tolling the statute of limitations. *See Ocean Services Corp. v. Ventura Port District*, 15 Cal. App. 4th 1762, 1776 (1993) ("The claims statute may not be invoked to penalize a plaintiff who at the behest of a public entity has been induced not to take action, but instead to wait until the situation creating a conflict has stabilized.")

Here, the claims made against Triolo relate exclusively to conduct that allegedly occurred prior to and including his criminal charge on June 21, 2011. The conduct relating to the

8

investigation, interrogation, reporting, and arrest all occurred prior to the criminal charges. Although Plaintiff argues that Triolo testified during his criminal proceeding in 2014, that conduct does not form the basis for the causes of action in the current complaint. Because the statute of limitations for the conduct alleged in the complaint began, at the latest, on June 21, 2011, the Court finds the causes of action sounding in tort must be dismissed for failure to comply with the Torts Claims Act. The one-year limitations period for the cause of action for breach of the implied covenant of good faith and fair dealing concerning Plaintiff's termination from employment commenced on October 3, 2011, the date of his termination from employment. Accordingly, the cause of action for breach of the covenant must similarly be dismissed for failure to comply with claims statute.[4] There are no facts alleged or law cited to support the proposition that the claim procedure would be tolled by virtue of an ongoing criminal prosecution or the suspension of arbitration proceedings. The Court GRANTS Triolo's motion to dismiss the first, sixth, eighth, ninth, tenth, eleventh, and twelfth causes of action for failure to allege a timely Tort Claim.[5] Although Plaintiff cannot proceed on the causes of action in his current complaint, the government claim does include reference to conduct that occurred during and after the trial. Should Plaintiff seek to file an amended complaint, the Court will revisit whether the scope of the claim is sufficient to cover such amended causes of action.

---

[4] In addition, Plaintiff's employment with the public entity, SamTrans, is based upon statute not contractual arrangement. *See Miller v. State of California*, 18 Cal. 3d 808, 813 (1977). The existence of a contractual relationship is a necessary prerequisite for a cause of action for breach of the implied covenant of good faith and fair dealing. *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990). Accordingly, as Plaintiff's employment with SamTrans was not predicated on a contract, there can be no claim for its breach. In response, Plaintiff contends that he is a third-party beneficiary of the Collective Bargaining Agreement between his union and his employer. However, these arguments, and any material facts in support of them, are absent from the current complaint.

[5] The Court also finds that the causes of action premised upon fraud fail to comply with the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). The claims against all defendants fail to detail which facts pertain to which defendant and the facts pled do not satisfy the requirement that averments of fraud be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F. Supp. 2d 1158, 1163 (C.D. Cal. 1988) (citations omitted) (holding that, where there are multiple defendants, the pleadings "must provide each and every defendant with enough information to enable them to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with."). All circumstances constituting fraud must be alleged with specificity and Plaintiff's averments under his eighth, ninth, and eleventh causes of fail to meet this exacting standard.

**2.      Dismissal of Fifth Cause of Action for Civil Rights Violation.**

Plaintiff fails to state a claim for violation of 42 U.S.C. Section 1983 for alleged violation of his Fifth and Fourteenth Amendment due process rights.

"The Due Process Clause of the Fifth Amendment . . . appl[ies] only to actions of the federal government – not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001); *see also La v. San Mateo County Transit District*, No. 3:14-cv-01768 WHO, at 16 (N.D. Cal. Nov. 25, 2014) (dismissing with prejudice a Fifth Amendment due process claim against SamTrans because the plaintiff had not alleged SamTrans was a federal agency).[6] Plaintiff has not alleged that SamTrans or its employees is a federal actor or provided any justification for enforcing the Fifth Amendment against a local transit agency. Accordingly, Plaintiff's fifth cause of action premised upon violation of the Fifth Amendment as to defendant Triolo is dismissed.

The fifth cause of action also alleges violation of due process afforded under the Fourteenth Amendment. It is unclear from the complaint as currently drafted whether Plaintiff intends to allege a procedural or substantive due process claim. In his opposition, Plaintiff contends that his civil rights were violated because he was discriminated against based on the color of his skin. (Opp. Br. at 32.) These arguments appear to indicate an intention to formulate a Fourteenth Amendment claim for violation of the Equal Protection Clause. However, such a claim and the facts in support of that claim do not appear clearly in the current complaint. In addition, an official capacity suit against a governmental officer is equivalent to a suit against the governmental entity itself, in this case the SamTrans. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Should Plaintiff elect to amend his complaint and effectively state a cause of action against SamTrans for *Monell* liability, he would not be entitled to pursue a claim against Triolo in his official capacity.[7]

---

[6]     Opinion attached as Exhibit C to Request for Judicial Notice.

[7]     The Court notes that it appears from the allegations in the current complaint that the conduct giving rise to the cause of action for violation of Section 1983 occurred in 2010 and 2011. Because Section 1983 does not prescribe a limitations period, the Court applies California's two-year statute of limitations for personal injury actions. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); Cal. Civ. P. Code § 335.1. Under the two-year statute of limitations, Plaintiff's claims against Triolo in his official capacity appears to be time-barred. Should Plaintiff elect to file an amended complaint, the constitutional claims against any defendant must be premised upon ripe factual allegations.

10

### E.  Legal Standard on Motions for Judgment on the Pleadings.

A motion for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), challenges the legal sufficiency of the claims asserted in the complaint. "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Thus, "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* However, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001).

### F.  San Mateo County Transit District's Motion for Judgment on the Pleadings.[8]

Plaintiff brings seven causes of action against defendant SamTrans for (1) second cause of action for false imprisonment; (2) third cause of action for racial discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 ("Title VII"); (3) fourth cause of action for deprivation of civil rights under the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. Section 1983; (4) seventh cause of action for racial discrimination and retaliation pursuant to Fair Employment and Housing Act, California Government Code Section 12965, *et seq.* ("FEHA"); (5) tenth cause of action for breach of the implied covenant of good faith and fair dealing; (6) eleventh cause of action for civil conspiracy;

---

[8] In addition to its substantive arguments, SamTrans moves for judgment on the pleadings on the basis that the opposition to the motion does not comply with this Court's rules, including exceeding the page limitations imposed by this Court's standing orders. The Court admonishes that Plaintiff that failure to comply with this Court's rules may affect its rulings in the future. However, the Court does not enter judgment based on Plaintiff's procedural deficiencies in opposing the motion. In addition, Plaintiff again objects to defendant's request for judicial notice on unpersuasive grounds. SamTrans' request for judicial is GRANTED. *See* Fed. R. Evid. 201(b).

and (7) twelfth cause of action for intentional infliction of emotional distress. Sam Trans moves to dismiss each cause of action and the Court shall address them in order.

### 1. Dismissal of Causes of Action for Late-Filed Tort Claim.

For the same reasons detailed in Triolo's motion to dismiss the tort and contract claims, SamTrans moves to dismiss the second, tenth, eleventh and twelfth causes of action for failure to bring a timely Tort Claim. The Court similarly finds these claims as currently pled are barred for failure to comply with claims statute. Additionally, the fraud claims fail to meet the heightened standard required by Federal Rule of Civil Procedure 9(b) and the contract claim is not premised upon a contract alleged in the complaint. The tenth cause of action for breach of the implied covenant of good faith and fair dealing is also dismissed on the basis that Plaintiff's employment with the public entity, SamTrans, is based upon statute not contractual arrangement. *See Miller*, 18 Cal. 3d at 813. Accordingly, and for the same reasons, those claims against SamTrans are dismissed with leave to amend.

### 2. Dismissal of Title VII and FEHA Causes of Action.

In his third and seventh causes of action, Plaintiff alleges racial discrimination and retaliation pursuant to Title VII and FEHA. In order to establish federal jurisdiction over a discrimination action under Title VII, a plaintiff must exhaust his administrative remedies before the Equal Employment Opportunity Commission ("EEOC") prior to seeking federal adjudication of his employment discrimination claims. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). A plaintiff must first file a timely complaint with the EEOC charging the accused party with discrimination. 42 U.S.C. § 2000e-5 (Title VII enforcement procedures). If the EEOC chooses not to pursue the claim and issues the claimant a Right to Sue Letter, then the claimant must file suit in federal court within 90 days after receipt of the letter. *See* 42 U.S.C. § 2000e-5(f)(1). "The jurisdictional scope of a . . . claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Id.* (citing *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989)).

Similarly, FEHA requires a plaintiff to file a charge with the Department of Fair Housing and Employment ("DFEH"). *Hall v. Goodwill Indus. of So. Cal.*, 193 Cal. App. 4th 718, 723 (2011);

12

Cal. Gov. Code § 12960(b).

In his complaint, Plaintiff alleges that he filed two complaints before the DFEH on June 13, 2011 and on February 15, 2015 and that he received Right to Sue Letters from DFEH on July 22, 2011 and again on April 25, 2015. (Complaint at ¶ 86.) However, Plaintiff only attaches a closure determination letter from the DFEH dated June 9, 2015. (Complaint, Ex. B.) SamTrans attaches a copy of the DFEH Pre-Complaint Questionnaire completed by Plaintiff and time-stamped June 2, 2011. (SamTrans Reply Request for Judicial Notice, Ex. A.) In response to the questions, Plaintiff indicated that, prior to his June 2011 DFEH submission, he had not filed a complaint with the EEOC and that he had consulted with the same attorney currently representing him in this matter. (*Id.* at ¶¶ 6, 7.) SamTrans also requests that the Court take judicial notice of a response to their request for records to the EEOC which indicates that the EEOC did not possess any records regarding a charge made by Plaintiff, although their research did indicate that he had filed a charge with the DFEH, which was not dual filed with the EEOC. (SamTrans Request for Judicial Notice, Ex. C.) In his opposition to the current motion for judgment on the pleadings, Plaintiff attaches his DFEH Right to Sue Letter with reference to his 2015 complaint dated October 17, 2015 which indicates a dual filing with the EEOC, and which was received after the filing of the complaint in this matter. (Opp. Br. at Ex. 3.) Plaintiff admits that he did not receive a Right to Sue Letter from the EEOC and that he had never been informed that his claim was not dual filed. (Declaration of Herbert Todd, ¶¶ 7, 8.)

Accordingly, there appears to be no Right to Sue Letters from any 2011 filing, although there is such a letter following Plaintiff's DFEH complaint filed in 2015. Given the current state of allegations and the judicially noticeable documents in the record, the Court GRANTS the motion for judgment on the pleadings as to Plaintiff's third cause of action for violation of Title VII and seventh cause of action for violation of the FEHA on the basis that he did not have the requisite Right to Sue Letters for the currently pled allegations. Should Plaintiff elect to file an amended complaint, Plaintiff must allege receipt of the appropriate Right to Sue Letters from the correct agencies and pertaining to the relevant conduct underlying those claims.

13

### 3. Dismissal of Fourth Cause of Action for Civil Rights Violation.

SamTrans is a local public transit district, not a federal agency. *See* Cal. Public Utilities Code §§ 103000, 103001. For the same reasons the Court dismissed the civil rights claim against Triolo on the basis that the Due Process Clause of the Fifth Amendment applies only to actions against the federal government and not state or local governments, the claim against SamTrans, as far as it based upon a Fifth Amendment violation, is dismissed. *See Lee*, 250 F.3d at 687; *see also La*, No. 3:14-cv-01768 WHO, at 16.

The fourth cause of action against SamTrans also alleges violation of due process afforded under the Fourteenth Amendment. Again, however, it is unclear from the complaint as currently drafted whether Plaintiff intends to allege a procedural or substantive due process claim. Regardless, Plaintiff fails to state a claim for civil rights violation by the district because in order to make out such a claim under Section 1983, Plaintiff needs to plead facts indicating *Monell* liability. In order for Defendant, a municipal authority, to be liable under Section 1983, Plaintiff must show that: (1) he had a constitutional right of which he was deprived; (2) the local authority had a custom created by those who may be fairly said to determine official policy, which amounted to, at a minimum, deliberate indifference to Plaintiff's constitutional rights; and (3) the custom was the moving force behind the constitutional violation. *See Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000); *see also Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691 (1978). In order to state a claim against a municipality, it is not enough merely to identify conduct attributable to the municipality. Rather, the plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997) (internal citations omitted). *Monell* limits municipal liability to instances in which the plaintiff's claims are based upon one of these theories: (1) that the alleged constitutional injury was "committed . . . pursuant to a formal governmental policy or a longstanding practice or custom;" (2) "that the individual who committed the constitutional tort was an official with final policymaking authority;"

14

or (3) "that an official with final policymaking authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal citations omitted).

Plaintiff fails to plead facts tending to demonstrate that there was an expressly adopted official employer policy or longstanding practice or custom that caused Plaintiff to endure constitutional injury. Plaintiff fails to allege that anyone with final policymaking authority either committed or ratified unconstitutional conduct. Accordingly, the fourth cause of action for deprivation of civil rights under the Fourteenth Amendments to the United States Constitution pursuant to Section 1983 is dismissed with leave to amend.[9]

**G. Moyer and Le Baron's Motion for Judgment on the Pleadings.**

**1. Dismissal of Causes of Action for Late-Filed Tort Claim.**

For the same reasons detailed in Triolo's motion to dismiss the tort and contract claims, defendants Moyer and Le Baron move to dismiss the second, eighth, ninth, eleventh and twelfth causes of action for failure to bring a timely Tort Claim. The Court similarly finds these claims as currently pled are barred for failure to comply with claims statute. Additionally, the fraud claims fail to meet the heightened standard required by Federal Rule of Civil Procedure 9(b) and the contract claim is not premised upon a contract alleged in the complaint. The tenth cause of action for breach of the implied covenant of good faith and fair dealing is also dismissed on the basis that Plaintiff's employment with the public entity, SamTrans, is based upon statute not contractual arrangement. *See Miller*, 18 Cal. 3d at 813. Accordingly, and for the same reasons, those claims against Moyer and Le Baron are dismissed with leave to amend.

**2. Dismissal of Third Cause of Action for Violation of Title VII.**

Title VII does not provide a separate cause of action against supervisors or co-workers for discrimination or retaliation. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir.

---

[9] Should Plaintiff elect to amend his complaint, the Court notes SamTrans' argument that there is no cognizable substantive due process right to be free from criminal prosecution. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). In this regard, the outcome of Plaintiff's criminal prosecution – acquittals on some counts and refusal to retry the remaining counts – is not relevant to the analysis of whether probable cause existed for the arrest. *See Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1989).

1993). Accordingly, the Court grants judgment on Plaintiff's third cause of action against Moyer and Le Baron for violation of Title VII without leave to amend.

### 3. Dismissal of Fourth Cause of Action for Civil Rights Violation.

For the same reasons the Court dismissed the civil rights claim against Triolo and SamTrans on the basis that the Due Process Clause of the Fifth Amendment applies only to actions against the federal government and not state or local governments, the claim against Moyer and Le Baron, as far as it based upon a Fifth Amendment violation, is dismissed. *See Lee*, 250 F.3d at 687; *see also La*, No. 3:14-cv-01768 WHO, at 16.

The fourth cause of action against Moyer and Le Baron also alleges violation of due process afforded under the Fourteenth Amendment. Again it is unclear from the complaint as currently drafted whether Plaintiff intends to allege a procedural or substantive due process claim. Regardless, an "official capacity" suit against a governmental officer is equivalent to a suit against the governmental entity itself. *See Larez*, 946 F.2d at 646. Because this Court has found that Plaintiff fails to plead a *Monell* claim against SamTrans based on unconstitutional policy or custom, Plaintiff may not be able to plead a cause of action against Moyer and Le Baron in their official capacities. "[I]f individuals are being sued in the official capacity as municipal officers *and* the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Accordingly, the cause of action under Section 1983 against Moyer and Le Baron in their official capacities is dismissed with leave to amend.[10]

### 4. Dismissal of Seventh Cause of Action for Violation of FEHA.

FEHA does not provide a cause of action against individual public officials or supervisory employees. *See Reno v. Baird*, 18 Cal. 4th 640, 650 (1998) (holding that although an employer may be held liable for discrimination under FEHA, nonemployer individuals are not personally liable for

---

[10] The Court again notes that it appears from the allegations in the current complaint that the conduct giving rise to the cause of action for violation of Section 1983 occurred in 2010 and 2011. Under the applicable two-year statute of limitations, Plaintiff's claims against Moyer and Le Baron in their official capacities appear to be time-barred. Should Plaintiff elect to file an amended complaint, any claim must be premised upon ripe allegations.
Further, the Court again notes that there no cognizable substantive due process right to be free from criminal prosecution. *See Baker*, 443 U.S. at 145.

16

discrimination); *see also Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1160 (2008) (same for retaliation claims). Accordingly, the Court dismisses the seventh cause of action against Moyer and Le Baron, without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court (1) DENIES Plaintiff's motion to remand this action to state court; (2) GRANTS Triolo's motion to dismiss; (3) GRANTS SamTrans' motion for judgment on the pleadings; and (4) GRANTS Moyer and Le Baron's motion for judgment on the pleadings. The dismissal is with leave to amend, except where otherwise noted. If Plaintiff chooses to amend, he shall file an amended complaint by no later than October 21, 2016.

**IT IS SO ORDERED.**

Dated: September 19, 2016

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE